CAROLINE REDINGTON, PLAINTIFF-RESPONDENT, v. GEORGE H. HARTFORD, DEFENDANT-APPELLANT.

Submitted December 4, 1913—Decided March 16, 1914.

In a contract made between the plaintiff and defendant, the defendant agreed to pay plaintiff $60,000 in ten equal payments extending over a period of ten years, and the contract further provided that if the defendant should ask for an extension of time upon any of the payments, plaintiff should grant it, and that the defendant should have the privilege of paying any and all of the payments before maturity. *Held*, that the contract required the defendant to make yearly equal payments extending over a period of ten years from the date of the contract and that the defendant was not entitled to take an extension of time for payment without asking for it, and then only if asked for before the payment which it is desired to extend becomes due.

On error to the Essex County Circuit Court.

For the appellant, *Griggs & Harding* and *Charles G. Signor.*

For the respondent, *Chauncey G. Parker.*

The opinion of the court was delivered by

KALISCH, J.    The plaintiff obtained a judgment in the Essex County Circuit Court for $41,887.91.    The case was tried before Judge Adams without a jury.    There were no disputed facts in the case, and the only issues determined by the court were purely issues of law.    The plaintiff's action was brought to recover from the defendant five installments of $6,000 each, with interest thereon at five per cent., alleged to have become due, under a written contract dated July 5th, 1905, between the defendant and plaintiff of the tenor following:    "*First.* That the said party of the first part, Mr. Hartford, agrees to pay the said party of the second part the sum of sixty thousand dollars ($60,000) to be divided into ten (10) payments, extended over a period of ten (10) years, which amounts shall be equally divided over the period of ten (10) years.

"It is further agreed by the said party of the first part, Mr. Hartford, that notes amounting to
shall be given, which shall be in lieu of the corresponding number of payments in the ten (10) payments, above specified.

"It is further agreed by and between the parties that the interest on said notes and payments shall be at the rate of five (5) per cent. per annum.

"And it is further agreed that if the party of the first part shall ask for extension of time upon any of said payments the party of the second part shall grant the same, and he shall have the privilege of paying any or all of said payments at any time before maturity.

"It is agreed by and between the parties that George H. Hartford shall turn over to Mrs. Redington on or before the

expiration of this contract fifty (50) shares of the preferred stock of the A. & P. Tea Co. in stock or its equivalent.

"It is further agreed by and between the parties that all the evidence of indebtedness or obligations shall, of any name and nature whatsoever, from the beginning of the world to the day of the date hereof, be surrendered and destroyed as between the parties and this agreement shall be in lieu thereof."

No notes were actually given as provided for by the agreement.

The defendant by his answer admitted that he had not paid any of the installments sued upon; his defence being that by a true construction of the contract he was under no obligation to make the payments in yearly installments, and that there was nothing due thereunder until ten years from the date of the making thereof, and even then he was entitled to an extension of time if asked for, and hence that the action, which resulted in the judgment, was prematurely brought thereby invalidating the judgment.

To carry appellant's contention to its logical sequence would result in virtually declaring the installments to be payable solely at his pleasure and will at some indefinite period beyond the expiration of the ten years.

Such a construction is not a natural and reasonable one arising from the text of the contract. It is fair to presume that it was the intention of the parties that the respondent was to reap the benefit of the contract in her lifetime. It was but natural for appellant in order to relieve himself from the burden of paying a large sum of money at once, which inferring from the terms of the contract was inconvenient for him at that time, to spread the payment of it over a number of years in installments of equal amounts. But if this was not the real intention then the object of the provision for the payment of the $60,000 in ten equal payments becomes utterly incomprehensible. To yield to the appellant's contention that it was wholly optional with him to pay by installments, would be to give a construction to the contract which militates against its express terms.

For, in the first place, the appellant agreed that the sum of money was to be paid in ten payments, covering a period of ten years, to be represented by ten notes, which were never given; and secondly, that the interest on said notes (installments) and payments shall be made at the rate of five per cent. annually. Nothing can be clearer than that the term "and payments" refers to the payment of the interest and installment at the end of each year. And thirdly, the appellant reserved to himself the privilege to ask for an extension of time "upon any of said payments" and was to have "the privilege of paying any and all of said payments at any time before maturity."

Unless the parties understood that an installment was to become due and payable annually there was no necessity for a provision for an extension of time "upon any of said payments," and unless it was further understood that the appellant was to have the privilege of paying the entire debt at any time before the ten years expired, *i. e.,* the very next day or the very next year after the making of the contract if he saw fit to do so, the provisions in regard to the appellant's exercising that option become entirely meaningless.

Under this contract the appellant was obligated to pay each of these installments as they respectively fell due unless he should have asked for an extension of time upon any of them. This, it appears, he failed to do.

As to the appellant's claim that he was entitled to an extension without asking for it, the learned trial judge very properly disposed of this, as follows: "The defendant claims the right to take the extension without asking for it. This does violence to the agreement. An extension of time under this agreement must be asked for, and the application must be made before the payment which it is desired to extend becomes due. It would be singular, for example, if a man who has an option to extend his own note, if he shall ask for it, can wait for several years after maturity and then, without even asking for an extension, defend on the ground that the note is not yet due because he has mentally exercised his option."

It therefore follows from what has been said that there was no error committed by the trial judge in overruling the defence and directing a verdict for the plaintiff for the amount of the five installments, with interest thereon.

The conclusion reached makes it unnecessary to consider whether the judgment, recovered by the plaintiff against the appellant in the State of New York on earlier installments under the contract, was competent evidence under the state of the pleadings, or as to its probative value.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 13.

*For reversal*—None.